**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **Jeffrey Krumm**, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:20-cv-110 |
| **Heartland Coca-Cola Bottling Company, LLC,** | ) ) ) ) |
| Defendant. | ) ) ) |

**NOTICE OF REMOVAL**

Under 28 U.S.C. §§ 1331, 1441, and 1446, and Local Rule 81-2.03, Defendant Heartland Coca-Cola Bottling Company, LLC ("Heartland Coca-Cola") removes to the U.S. District Court for the Eastern District of Missouri the action styled *Jeffrey Krumm v. Heartland Coca-Cola Bottling Company, LLC*, Case No. 1911-CC01210, currently pending in the Circuit Court of St. Charles County, Missouri. In support of removal, Heartland Coca-Cola states as follows:

1. On December 10, 2019, Plaintiff Jeffrey Krumm commenced this action in the Circuit Court of St. Charles County, Missouri by filing his Petition for Damages. A copy of the Petition is attached as Ex. A.

2. Heartland Coca-Cola was served with the summons and Petition on December 27, 2019. *See* Ex. C, pp. 12-13. In accordance with § 1446(a), copies of all process, pleadings, and orders served on Heartland Coca-Cola are attached as Ex. B.

3. A copy of the state-court file is attached as Exhibit C.

4. Under 28 U.S.C. § 1446(b), removal is timely if filed within 30 days after a defendant is served with a summons and the initial pleading, and, thus, Heartland Coca-Cola is timely filing this removal.

5. Under §§ 1441(a) and 1446(a), the U.S. District Court for the Eastern District of Missouri, Eastern Division, is the appropriate court for removing an action from the District Court for St. Charles County, Missouri, where this action was originally filed.

6. Further, in accordance with 28 U.S.C. § 1446(d), Krumm and the Clerk of the District Court for St. Charles County are being served with copies of this Notice of Removal.

**FEDERAL QUESTION**

7. Removal of this action is proper under 28 U.S.C § 1331 because district courts have original jurisdiction of all civil actions arising under the Constitution, law, or treaties of the United States.

**A.  Krumm's Petition asserts claims under the Family and Medical Leave Act ("FMLA").**

8. Removal of this action is proper under § 1441(c)(1) because Krumm's Petition alleges that he was discriminated and retaliated against for asserting his rights under the Family and Medical Leave Act, 29 U.S.C. §§ 2601, *et seq*. ("FMLA"). *See* Ex. A, ¶¶ 16-17, 19, 24; Ex. D; Ex. E.

9. Before commencing this action in St. Charles County, Krumm filed a charge of discrimination on September 10, 2019, and an amended charge of discrimination on October 23, 2019, against Heartland Coca-Cola with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR"). The charge and amended charge are presently pending before EEOC and MCHR. A copy of the charges are attached as Ex. D and Ex. E, respectively.[1]

---

[1] Because Krumm's charge and amended charge are public records that do not contradict the allegations in his Petition, the Court may properly consider them for purposes of removal and analyzing whether Krumm is asserting claims under the FMLA. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir.1999); *Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921,

2

10. Specifically, both Krumm's charge and amended charge include the following allegations relating to the FMLA:

- Plaintiff believes he is being discriminated against due to his age, disability, asserting his rights under Missouri Workers' compensation law, **and for asserting his rights under the Family Medical Leave Act**;
….

- It is my contention that my employer, Heartland Coca Cola (hereinafter "Company"), as well as its agents and employees, have engaged in acts of discrimination and retaliation based upon my age, disability, because I asserted my rights under Missouri Workers Compensation Law, **and because I asserted my rights under the Family Medical Leave Act**;
….

- My employer made comments about looking to **FMLA** and stated they would give me more information, but they never provided that information to me;
….

- **I also requested to take leave pursuant to FMLA**, per my doctor's recommendation. A few days after I submitted my application, I was informed by Stephanie Duffy from Human Resource that **my request for leave under FMLA was being approved, but I was going to be terminated upon my return** because of the van going home with me;
….

- I believe that this was a threat **because I requested leave under FMLA**, my age, and due to my disabilities. I also believe that I am being terminated because of my diagnosis of anxiety, situational depression, and stress, **as well as requesting leave under FMLA**;
….

- It is my contention that **I am being terminated because I researched FMLA** for my wife's diagnosis;
….

- It is my contention that the fact that **I am being terminated after I return from FMLA is due to the fact that I requested FMLA** and due to my disabilities;
….

- I believe the statement about how the human resource director has only lost one

---

931 (8th Cir. 2011); *Hogsett v. Mercy Hospitals East Communities*, 2019 WL 446876, Case No. 4:17-CV-1907 AGF at *3 (E.D. Mo. Feb. 5, 2019).

> case was a threat in retaliation of my disabilities, age, and assertion of rights under Missouri Workers Compensation Law, **and assertion of rights under FMLA**; and
>
> ….
>
> - Based on the foregoing, it is my contention that Heartland Coca-Cola and the named individuals have engaged in acts of discrimination under the Missouri Human Rights Act, the Missouri Workers' Compensation Act, the Age Discrimination in Employment Act of 1967 (ADEA), the Americans with Disabilities Act of 1990, **and the Family Medical Leave Act**.

*See* Ex. D pp. 1-4; Ex. E, pp. 1-4 (emphasis added).

11.     Similarly, Krumm's Petition alleges that he requested FMLA leave, was approved for FMLA leave, was informed that he would be terminated upon his return from FMLA leave, and was terminated upon the conclusion of his FMLA leave. *See* Ex. A, ¶¶ 16-17, 19, 24.

12.     Consequently, Krumm's Petition and charges of discrimination assert claims under the FMLA. *See Zampitella v. Walgreens Company*, 2016 WL 3627290, Case No. 4:16-CV-781 (CEJ) at *2 (E.D. Mo. July 6, 2016) ("A plaintiff cannot thwart the removal of a case by inadvertently, mistakenly or fraudulently concealing the federal question that would necessarily have appeared if the complaint had been well pleaded.") (citation omitted); *Palazzolo v. Harris-Stowe State University*, 2016 WL 3878470, 4:16-CV-00826 JAR at *3 (E.D. Mo. July 18, 2016) ("The presence of a single federal claim gives the defendant the right to remove an entire case to federal court.").

13.     Therefore, removal is proper under § 1331 and § 1441(c)(1) because this court has original jurisdiction over Krumm's claims asserted under the FMLA.

    **B.**    **Krumm's state-law claim is completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA").**

14.     This court has original jurisdiction over this action under § 1331 because Krumm's state-law claim of retaliation for exercising his workers' compensation rights under Mo. Rev. Stat.

§ 287.780 is completely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA").

15. "When complete preemption exists, a plaintiff's state law claim is recharacterized as a claim arising under federal law to the extent that Congress has displaced the state law claim." *Neumann v. AT&T Communications, Inc.*, 2001 WL 1640066, No. 01-051 PAM/JGL at *2 (D. Minn. Nov. 8, 2001) (citation omitted) (denying motion to remand where plaintiff's state-law workers' compensation retaliation claim "rested on" allegations that employer violated its ERISA benefits plan).

16. It is well established that ERISA completely preempts a cause of action under state law if it "falls within the comprehensive and exclusive enforcement scheme of ERISA." *See Johnson v. Lou Fusz Automotive Network, Inc.*, 519 S.W.3d 450, 456 (Mo. App. E.D. 2017) (citing 29 U.S.C. § 1132(a)) ; *see also Neumann v. AT&T Communications, Inc.*, 376 F.3d 773, 789 (8th Cir. 2004) ("Congress intended that an action brought to recover benefits or enforce rights that were allegedly denied contrary to the terms of an ERISA benefit plan will be regarded as arising under the laws of the United States, **even if the complaint filed by the plan beneficiary purports to only raise a state cause of action**.") (emphasis added).

17. Further, "[i]t is quite clear—and has been for quite some time—that a state cause of action that falls within *any* of the enumerated claims in the subsections of 502(a) is completely preempted." *Johnson*, 519 S.W.3d at 456 (Mo. App. E.D. 2004) (emphasis in original) (upholding dismissal of state-law claims under the Missouri Human Rights Act because they were completely preempted by ERISA).

18. "One such ERISA provision that is enforceable under Section 502(a) is Section 510, which prohibits employment decisions that discriminate against a plan participant for

exercising ERISA rights or that interfere with a participant attaining benefits to which they are entitled." *Id.* at 457.

19. In the instant action, Krumm was approved to receive benefits under Heartland Coca-Cola's ERISA-governed short-term disability ("STD") plan from June 26, 2019 to October 6, 2019. Following the expiration of his STD benefits, Krumm applied for long-term disability ("LTD") benefits under the company's ERISA-governed LTD plan and his application was denied.

20. In his Petition, Krumm alleges that he applied for leave under the FMLA on or about June 26, 2019, and that Heartland Coca-Cola informed him that he would be terminated from his position upon his return from FMLA leave and short-term disability. See Ex. A, ¶¶ 17, 24.

21. Krumm also alleges that Heartland Coca-Cola terminated his employment immediately after informing him that he was no longer eligible to receive STD benefits due to his pending workers' compensation claim, but could instead apply for long-term disability benefits instead. *See* Ex. A, ¶¶ 18-19.

22. Krumm's Petition also claims that he has suffered damages "because he lost wages he was earning with [Heartland Coca-Cola] and any accompanying benefits at the time of his discharge…" *Id.*, ¶ 27.

23. Thus, Krumm's Petition is claiming Heartland Coca-Cola "engaged in conduct that is prohibited by Section 510" by interfering with the benefits to which he was entitled under the company's ERISA-governed disability plans, which "falls squarely within the scope of Section 502(a)." *Id.* at 457; *See* Ex. A.

24. Additionally, Krumm cannot avoid removal by attempting to conceal his allegations that Heartland Coca-Cola interfered with his ability to obtain benefits that he was

6

entitled to under an ERISA-governed disability plan by framing them in the context of retaliation for exercising his rights under Missouri's workers' compensation laws. *See Johnson*, 519 S.W.3d at 457 ("The fact that [plaintiff's] claim is pled in terms of a state anti-discrimination statute, … and that she does not seek reinstatement of her ERISA benefits as part of the relief requested is irrelevant to a determination of preemption. Rather, we look to the true nature of the issues underlying the claim…") (internal citations omitted).

25.     Therefore, under § 1331, this court has original jurisdiction over Krumm's state-law claims because they are completely preempted by ERISA.

**Wherefore**, Heartland Coca-Cola gives notice that this action is removed from the Circuit Court of St. Charles County, Missouri to the U.S. District Court for the Eastern District of Missouri, Eastern Division.

Respectfully submitted this 23rd day of January, 2020,

                          CONSTANGY, BROOKS, SMITH & PROPHETE, LLP

                          */s/ Katie M. Rhoten*
                          Robert L. Ortbals, Jr., #56540MO
                          Katie M. Rhoten # 69287MO
                          7733 Forsyth Blvd., Suite 1325
                          St. Louis, Missouri 63105
                          Telephone: (314) 925-7270
                          Facsimile: (314) 925-7278
                          rortbals@constangy.com
                          krhoten@constangy.com

                          **Attorneys for Defendant**

6480955v.1

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2020, a copy of the above and foregoing was served via operation of the Court's electronic filing system and by U.S. mail, postage prepaid, on the following:

Bryan Schrempf
Michelle K. Faron
SCHREMPF, JELLY & NAPP, LTD.
307 Henry Street, Suite 415
Alton, IL 62002

**Attorneys for Plaintiff**

>                    */s/ Katie M. Rhoten*
>                    Attorney for Defendant