#### IN THE CIRCUIT COURT OF SAINT CHARLES COUNTY
#### STATE OF MISSOURI

| | |
|---|---|
| JEFFREY KRUMM, | ) |
| | ) |
|     Plaintiff, | ) Cause No. |
| | ) |
| v. | ) Division No. |
| | ) |
| HEARTLAND COCA-COLA | ) |
| BOTTLING COMPANY, LLC | ) |
| **Serve Business:** | ) |
| **CT Corporation System** | ) |
| **120 South Central Avenue** | ) |
| **Clayton, MO 63105** | ) |
| | ) |
|     Defendant. | ) |

### PETITION FOR DAMAGES UNDER R.S.MO. SECTION 287.780

COMES NOW, Plaintiff, Jeffrey Krumm, by and through his counsel, and as grounds for his claim, states and alleges as follows:

1. At all times herein mentioned Plaintiff was a resident of the State of Missouri.

2. Upon information and belief, Defendant is a corporation, in good standing, registered to conduct business in the St. Charles County.

3. At all times herein mentioned Defendant acted by and through its agents, servants and employees who acted within the course and scope of their employment.

4. Plaintiff began working for Defendant in Saint Charles County on or around May 7, 1997.

5. In or about July 2004, Plaintiff was promoted to a Reset Representative.

6. On or about December 21, 2017, Plaintiff injured himself while working for Defendant, causing him to seek medical treatment to his right shoulder.

7. Immediately after Plaintiff's injury, Plaintiff's supervisor Jeffrey O'Neill began

**EXHIBIT A**

making comments regarding Plaintiff's injury and recovery, including the following:

    a.    That Plaintiff was faking his injury;

    b.    That Plaintiff was taking advantage of the company;

    c.    That Plaintiff was exacerbating the severity of his injury; and

    d.    That, despite the fact the doctors placed Plaintiff on light duty, Plaintiff needed to be put on full duty; and

    e.    That Plaintiff should not take leave for workers' compensation because Defendant was short-staffed.

8. On or about July 11, 2018, Plaintiff returned to work without restrictions.

9. Shortly after returning to work, Plaintiff was treated differently than similarly situated employees by his supervisor, Jeffrey O'Neill, including but not limited to the following:

    a.    Plaintiff was assigned to projects that require two employees, but was not given another employee to assist the projects;

    b.    Plaintiff was told that he was working too slow when he did not finish two-employee projects in the timeframe that it usually took two employees to complete;

    c.    Plaintiff was taken off of favorable assignments that he had worked for multiple years, and which Defendant knew he enjoyed working; and

    d.    Plaintiff was left out of company-wide events, such as Coca-Cola Heartland's day at the Cardinals Game.

10. After Plaintiff returned to work full duty, Jeffrey O'Neill began reprimanding Plaintiff for behavior that most employees partake in, though no other employees were reprimanded. This behavior included clocking in remotely and bringing the trucks home so that

Electronically Filed - St Charles Circuit Div - December 10, 2019 - 01:08 PM

employees could have an early start in the morning.

11. During January of 2019, due to Jeffrey O'Neill's treatment and comments towards Plaintiff, Plaintiff requested a transfer to the Cooler Services Department.

12. Plaintiff was trained by Michael Kearney and completed job shadowing on how to work in the Cooler Services Department.

13. Despite being qualified for the Cooler Services position, Plaintiff was never given an interview and was not selected for the position.

14. In or about March of 2019, Plaintiff was told that he was not receiving the same raise as everyone else. Plaintiff received a 1% raise while similarly situated employees received a 2% raise.

15. On or about June 25, 2019, Plaintiff was injured in the scope of his employment.

16. On or about June 25, 2019 Plaintiff requested leave under Family Medical Leave Act.

17. On or about June 26, 2019 Plaintiff was approved leave under Family Medical Leave Act but was told by Stephanie Duffy, Employee Relations Business Partner of the Defendant, that he would be terminated upon his return.

18. On or about November 12, 2019, Plaintiff was told that he was no longer eligible for short term disability because of his pending workers compensation claim, but he can apply for long term disability.

19. On or about November 12, 2019, Plaintiff was terminated from his position.

20. Plaintiff's seeking to avail himself under the worker compensation laws of Missouri was a motivating factor in Defendant's comments mentioned in Paragraph 7 above.

21. Plaintiff's seeking to avail himself under the worker compensation laws of

Missouri was a motivating factor in Defendant's discipline of the Plaintiff despite not writing up similarly situated employees for the same actions.

22.     Plaintiff's seeking to avail himself under the worker compensation laws of Missouri was a motivating factor in Defendant's decision to force Plaintiff to work two-person jobs by himself, while pairing up all of the other employees.

23.     Plaintiff's seeking to avail himself under the worker compensation laws of Missouri was a motivating factor in Defendant's decision to not give Plaintiff a similar raise to that of similarly situated employees.

24.     Plaintiff's seeking to avail himself under the worker compensation laws of Missouri was a motivating factor in Defendant's comments that they were going to terminate Plaintiff upon his return from short term disability and Family Medical Leave.

25.     Plaintiff's seeking to avail himself under the worker compensation laws of Missouri was a motivating factor in Defendant's refusal to transfer the Plaintiff to a position in which he was qualified and trained.

26.     Plaintiff's seeking to avail himself under the worker compensation laws of Missouri was a motivating factor in Plaintiff's termination on November 12, 2019.

27.     As a direct and proximate result of Defendant's retaliation towards Plaintiff's availing himself of this State's worker compensation laws, Plaintiff has been damaged because he lost the wages he was earning with Defendant and any accompanying benefits at the time of his discharge through the future minus any subsequent employment he might have obtained. Furthermore, Plaintiff's discharge was humiliating, emotionally traumatic, and depressing, as it would be to any person in the same circumstances.

28.     Defendant's retaliation towards and termination of Plaintiff because Plaintiff

Electronically Filed - St Charles Circuit Div - December 10, 2019 - 01:08 PM

sought to avail himself under the worker compensation laws of Missouri were motivated by Defendant's evil motive, spite, and was wanton.

WHEREFORE, Plaintiff requests this Court enter judgment in his favor against Defendant for actual damages in a sum that is fair and reasonable in excess of $25,000, punitive damages, costs, and for such further relief this Court deems just and proper.

Respectfully submitted,

**SCHREMPF, KELLY, & NAPP Ltd.**

By:  */s/ Michelle K. Faron*
Bryan J. Schrempf, #66211
Michelle K. Faron, #68058
Schrempf, Kelly & Napp, Ltd.
307 Henry Street, Suite
415 Alton, Illinois 62002
(p) 1.618.465.2311
(f) 1.618.465.2318
(e) bschrempf@sknlawyer.com
(e) mfaron@sknlawyer.com