**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **Jeffrey Krumm**, </br></br> Plaintiff, </br></br> vs. </br></br> **Heartland Coca-Cola Bottling Company, LLC,** </br></br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) Case No. 4:20-cv-110 |

## DEFENDANT'S ANSWER TO PLAINTIFF'S PETITION

Defendant Heartland Coca-Cola Bottling Company, LLC ("Heartland Coca-Cola") answers and responds to Plaintiff Jeffrey Krumm's Petition for Damages as follows:

1. Heartland Coca-Cola is without sufficient knowledge or information to admit or deny the allegations in paragraph 1 of Plaintiff's Petition, and, therefore, Heartland Coca-Cola denies the same.

2. Heartland Coca-Cola admits that Heartland Coca-Cola Bottling Company, LLC is a limited liability company, formed in Kansas, with its headquarters in Lenexa, Kansas. Heartland Coca-Cola further admits that it is properly registered with the Missouri Secretary of State. Heartland Coca-Cola denies the remaining allegations in paragraph 2 of Plaintiff's Petition.

3. Heartland Coca-Cola states that the allegations in paragraph 3 of Plaintiff's Petition call for a legal conclusion to which no response is required. To the extent a response is required, Heartland Coca-Cola denies the allegations in paragraph 3 of Plaintiff's Petition.

4. Heartland Coca-Cola denies the allegations in paragraph 4 of Plaintiff's Petition.

5. Heartland Coca-Cola is without sufficient knowledge or information to admit or deny the allegations in paragraph 5 of Plaintiff's Petition, and, therefore, Heartland Coca-Cola

denies the same.

6. Upon information and belief, Heartland Coca-Cola admits that Plaintiff reported a work-related injury on December 21, 2017, after which he sought medical treatment. Heartland Coca-Cola denies the remaining allegations in paragraph 6 of Plaintiff's Petition.

7. Heartland Coca-Cola denies the allegations in paragraph 7 of Plaintiff's Petition. Heartland Coca-Cola responds to the allegations in subparagraphs a. – e. as follows:

    a. Heartland Coca-Cola denies the allegations in subparagraph .a of paragraph 7 of Plaintiff's Petition.

    b. Heartland Coca-Cola denies the allegations in subparagraph .b of paragraph 7 of Plaintiff's Petition.

    c. Heartland Coca-Cola denies the allegations in subparagraph .c of paragraph 7 of Plaintiff's Petition.

    d. Heartland Coca-Cola denies the allegations in subparagraph .d of paragraph 7 of Plaintiff's Petition.

    e. Heartland Coca-Cola denies the allegations in subparagraph .e of paragraph 7 of Plaintiff's Petition.

8. Heartland Coca-Cola admits the allegations in paragraph 8 of Plaintiff's Petition.

9. Heartland Coca-Cola denies the allegations in paragraph 9 of Plaintiff's Petition. Heartland Coca-Cola responds to the allegations in subparagraphs a. – d. as follows:

    a. Heartland Coca-Cola denies the allegations in subparagraph .a of paragraph 9 of Plaintiff's Petition.

    b. Heartland Coca-Cola denies the allegations in subparagraph .b of paragraph 9 of Plaintiff's Petition.

  c. Heartland Coca-Cola denies the allegations in subparagraph .c of paragraph 9 of Plaintiff's Petition.

  d. Heartland Coca-Cola denies the allegations in subparagraph .d of paragraph 9 of Plaintiff's Petition.

10. Heartland Coca-Cola denies the allegations in paragraph 10 of Plaintiff's Petition.

11. Heartland Coca-Cola admits that Plaintiff applied for the position of Equipment Service Installer on or about January 19, 2019. Heartland Coca-Cola denies the remaining allegations in paragraph 11 of Plaintiff's Petition.

12. Heartland Coca-Cola admits that Plaintiff shadowed Equipment Mover Matt Carnagey for one half-day in January of 2019. Heartland Coca-Cola denies the remaining allegations in paragraph 12 of Plaintiff's Petition.

13. Heartland Coca-Cola admits that Plaintiff was not selected for the Equipment Service Installer position that he applied for on or about January 19, 2019. Heartland Coca-Cola denies the remaining allegations in paragraph 13 of Plaintiff's Petition.

14. Heartland Coca-Cola admits that Plaintiff received a 1% raise in 2019. Heartland Coca-Cola denies the remaining allegations in paragraph 14 of Plaintiff's Petition.

15. Heartland Coca-Cola is without sufficient knowledge or information to admit or deny the allegations in paragraph 15 of Plaintiff's Petition, and, therefore, Heartland Coca-Cola denies the same.

16. Upon information and belief, Heartland Coca-Cola admits the allegations in paragraph 16 of Plaintiff's Petition.

17. Upon information and belief, Heartland Coca-Cola admits that Plaintiff's application for leave under the Family and Medical Leave Act ("FMLA") was approved on June

26, 2019. Heartland Coca-Cola denies the remaining allegations in paragraph 17 of Plaintiff's Petition.

18. Heartland Coca-Cola denies the allegations in paragraph 18 of Plaintiff's Petition.

19. Heartland Coca-Cola admits that it terminated Plaintiff's employment on November 13, 2019. Heartland Coca-Cola denies the remaining allegations in paragraph 19 of Plaintiff's Petition.

20. Heartland Coca-Cola denies the allegations in paragraph 20 of Plaintiff's Petition.

21. Heartland Coca-Cola denies the allegations in paragraph 21 of Plaintiff's Petition.

22. Heartland Coca-Cola denies the allegations in paragraph 22 of Plaintiff's Petition.

23. Heartland Coca-Cola denies the allegations in paragraph 23 of Plaintiff's Petition.

24. Heartland Coca-Cola denies the allegations in paragraph 24 of Plaintiff's Petition.

25. Heartland Coca-Cola denies the allegations in paragraph 25 of Plaintiff's Petition.

26. Heartland Coca-Cola denies the allegations in paragraph 26 of Plaintiff's Petition.

27. Heartland Coca-Cola denies the allegations in paragraph 27 of Plaintiff's Petition

28. Heartland Coca-Cola denies the allegations in paragraph 28 of Plaintiff's Petition.

## GENERAL DENIAL

Heartland Coca-Cola denies all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

Without assuming any burden of proof that by law is not otherwise Heartland Coca-Cola's, Heartland Coca-Cola asserts the following defenses and affirmative defenses:

1. Plaintiff's Petition fails to state a claim upon which relief can be granted.

2. Some or all counts of Plaintiff's Petition are barred by the applicable statute of limitations.

3. Heartland Coca-Cola states that Plaintiff was, at all material times, an at-will employee of Heartland Coca-Cola and, therefore, Plaintiff was subject to discharge at any time, with or without cause, so long as said discharge was not for an unlawful reason.

4. If any alleged unlawful employment actions are true, Heartland Coca-Cola's employees implicated in those allegations acted on their own, in violation of Heartland Coca-Cola's strict policies prohibiting such conduct, and acted outside the scope of their employment.

5. Plaintiff's Petition is barred to the extent Plaintiff has failed to satisfy conditions precedent.

6. Plaintiff's claim for relief is barred in whole or in part because of his failure to mitigate his alleged damages.

7. Heartland Coca-Cola has acted in good faith and has not acted willfully, deliberately, intentionally, outrageously, or with an extreme indifference to the rights of Plaintiff, and, thus, Plaintiff is not entitled to punitive damages on the law or the facts.

8. Plaintiff has suffered no damages as a result of the actions of Heartland Coca-Cola.

9. To the extent Plaintiff has suffered damages; such damages were caused by the acts or omissions of the Plaintiff rather than Heartland Coca-Cola.

10. Plaintiff's claims are barred, in whole or in part, by the exclusive remedy provision of the Workers' Compensation Act. Mo. Rev. Stat. § 287.120.

11. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches and/or unclean hands.

12. Some or all of Plaintiff's claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*.

13. Plaintiff's claims are barred to the extent that Heartland Coca-Cola would have

taken the same action or actions with regard to Plaintiff absent any activity by him that may have been protected under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq*.

14. Plaintiff's claims for damages under the FMLA are barred, in whole or in part, to the extent that the conduct about which he has complained was undertaken by Heartland Coca-Cola in good faith in accordance with the provisions of Section 11 of the Portal-to-Portal Pay Act of 1947, 29 U.S.C. § 260.

15. The two (2) year statute of limitations contained in Section 6 of the Portal-to-Portal Pay Act of 1947, 29 U.S.C. § 255, bars any violations of the FMLA alleged in Plaintiff's Complaint which occurred more than two (2) years before the commencement of this action.

16. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to make a timely and/or adequate request for FMLA leave as required by statute.

17. Plaintiff's claims are barred, in whole or in part, to the extent that Heartland Coca-Cola did not have adequate or proper notice of Plaintiff's alleged serious health condition or request for FMLA leave as required by statute.

18. Heartland Coca-Cola has not discriminated and/or retaliated against Plaintiff in violation of any law.

19. Plaintiff's claims are not actionable because all relevant employment decisions were justified by legitimate, non-discriminatory, and non-pretextual business reasons.

20. Heartland Coca-Cola states that even if an impermissible factor was a motivating factor in any of its decision, which Heartland Coca-Cola specifically denies, Heartland Coca-Cola states it would have taken the same action or actions with regard to Plaintiff even if the impermissible factor had not been considered.

21. Heartland Coca-Cola states that any claim for punitive damages would be grossly

out of proportion to the severity of Heartland Coca-Cola's alleged conduct, bear no rational relationship to claimed compensatory damages and would be otherwise unconstitutional, denying Heartland Coca-Cola due process of law and equal protection of the laws, and violated the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and applicable provisions of the Missouri Constitution.

22. Plaintiff's claims may be barred, in whole or in part, by the doctrine of after-acquired evidence.

23. Plaintiff's claims may be barred, in whole or in part, by the doctrine of judicial estoppel as Plaintiff is estopped from taking positions in this action that are contrary to positions he took in previous judicial proceedings or under oath or penalty of perjury.

24. Heartland Coca-Cola relies on any other matter that may constitute an avoidance or affirmative defense and reserves the right to add additional affirmative defenses as may become available or as may be disclosed as a result of discovery in this action.

## **PRAYER FOR RELIEF**

Wherefore, having fully answered and responded to the allegations contained in Plaintiff's Petition, Heartland Coca-Cola hereby prays that:

1. Plaintiff's claims be dismissed with prejudice in their entirety;

2. Each and every prayer for relief in Plaintiff's Petition be denied;

3. Judgment be entered in favor of Heartland Coca-Cola;

4. All costs, including reasonable attorneys' fees, be awarded to Heartland Coca-Cola and against Plaintiff under applicable law; and

5. Heartland Coca-Cola be granted such other and further relief as this Court may deem just and proper.

Respectfully submitted this 30th day of January, 2020.

        CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
        */s/ Katie M. Rhoten*
        Robert L. Ortbals, Jr.  #56540MO
        Katie M. Rhoten # 69287MO
        7733 Forsyth Blvd., Suite 1325
        St. Louis, Missouri 63105
        Telephone: (314) 925-7270
        Facsimile: (314) 925-7278
        rortbals@constangy.com
        krhoten@constangy.com

        **Attorneys for Defendant**

## **CERTIFICATE OF SERVICE**

     I certify that on the 30th day of January, 2020 the foregoing was filed electronically with the Court, which notified all counsel of record using its ECF notification system.

                                                    */s/ Katie M. Rhoten*
                                                  Attorney for Defendant

6488316v.1